IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESLIE LOVE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | Civil No. **03-308-DRH** |
| ) | |
| **DARLENE VELTRI,** ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Pursuant to 28 U.S.C. § 636(b)(1), the following Report and Recommendation regarding Leslie Love's petition for writ of habeas corpus attacking the revocation of his parole **(Docs. 4 and 6)**, pursuant to 28 U.S.C. § 2241, is respectfully submitted to U.S. District Judge David R. Herndon.

Petitioner Love, who in 1984 received a 34-year sentence for bank robbery, takes issue with the revocation of his parole in October 2001 based on findings that he assaulted a police officer and possessed a firearm. This is Love's fourth revocation. He was sentenced to 120 months imprisonment, which was an upward departure from the 78-100 month range prescribed under 28 C.F.R. § 2.20, Ch. Two, Subch. B, ¶ 212(d). **(*See* Docs. 10-14 – 10-16, Respondent's Exhibits N-P).**

Love claims that the aforementioned parole violations were based on his being misidentified by police, and he further argues that the revocation process violated his right to due process. More specifically, petitioner alleges:

    1.    The Parole Commission declined his request to subpoena witnesses

1

>   without stating the reasons for doing so in the local revocation hearing summary **(Doc. 10-14, p. 1)**;
>
> 2. The eight month delay between execution of the violation warrant and the revocation hearing was unreasonable and presumptively prejudicial because the passage of time makes witnesses' memories faulty;
>
> 3. Petitioner was denied a second preliminary hearing when supplemental charges– the assault and firearm charges– were lodged, and the Commission violated its own procedures by failing to give him adequate notice and an opportunity to assert his rights;
>
> 4. The Parole Commission improperly imposed an enhanced sentence of 120 months, based on a misstatement of the evidence regarding the assault, which also amounted to "double counting"; and
>
> 5. The finding that petitioner possessed as shotgun was based on evidence that could have been wholly refuted had petitioner's witnesses been subpoenaed.

**(Doc. 6).**

Respondent generally refutes all of petitioner's arguments, and asserts that the Commission's findings of fact, sentencing determination and upward departure are exempt from judicial review, provided they are supported by "some evidence," or a "rational basis" in the agency record. **(Doc. 10).** Respondent further stresses that review is not de novo, so the Court need not review the hearing tapes **(Doc. 17, Petitioner's Exhibits 1-3)** because it is not the Court's prerogative to reweigh the evidence. **(Doc. 14).**

As a preliminary matter, it must be understood that petitioner's right to habeas relief depends on whether his custody violates the Constitution or laws of the United States, *not* whether some irregularity has been committed by his custodian. **28 U.S.C. § 2241(c).** "Section 2241 does not permit review of prison and parole decisions after the fashion of the Administrative Procedure Act; a prisoner seeking relief under [Section] 2241 must demonstrate

that the custody is unlawful, and not just that an administrative official made a mistake in the implementation of a statute or regulation." ***Bush v. Pitzer,*** **133 F.3d 455, 456-57 (7th Cir. 1997).** As long as the proceedings were constitutionally adequate, actual innocence is not grounds for habeas relief, at least in non-capital cases. ***Herrera v. Collins,*** **506 U.S. 390 (1993).**

The Supreme Court has indicated that, unlike criminal prosecutions, the requirements of due process are limited for parole board hearings. ***See Morrissey,*** **408 U.S. at 480; and *Phifer v. Clark* 115 F.3d 496, 501 (7th Cir. 1997).** In accordance with *Morrissey v. Brewer*, the process due is: (1) written notice of the alleged violations; (2) disclosure to the parolee of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses, unless the hearing officer finds good cause for not allowing confrontation; (5) a neutral and detached decision-maker; and (6) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole. ***Morrisey*, 408 U.S. at 489.**

Due process requirements aside, "[w]hen a district court reviews a decision of the Parole Commission on a habeas corpus petition, the inquiry is not whether the Commission is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." ***Walrath v. Getty,*** **71 F.3d 679, 684 (7thCir. 1995)(internal quotations omitted);** *see also **Kramer v. Jenkins***, **803 F.2d 896, 901 (7th Cir. 1986).** Therefore, respondent's assertions to the contrary, the Court is free to consider the tapes of the regional Parole Commission hearing to see if they provide some evidence for the Commission's statement of reasons for its decision, because the tapes are part of the record.

Parole revocation is a two-step procedure.  First, the violation of a condition of parole must be established; and second, if there is a violation, it must be determined whether the parolee should be recommitted and, if so,  for how long.  The second step is discretionary, because it depends on the agency's special competence in predicting offenders' future behavior from their past actions.  ***Morrissey v. Brewer,*** **408 U.S. 471, 479-480 (1972).**  Petitioner Love's involve both of these steps.

**Witnesses**

In accordance with *Morrissey v. Brewer*, due process guarantees parolees the "opportunity to be heard in person and to present witnesses and documentary evidence." **408 U.S. at 489 (emphasis added).**  Petitioner Love contends the Parole Commission refused to issue subpoenas to: Parole Officer Susan Richard; Police Officer Braden; petitioner's employer, Robert Newsome; and Ken McGill, the director of Dismas House, where petitioner was purportedly residing during all relevant times.  Petitioner contends his right to due process was abridged because the reasons for the refusal were not set forth in the Revocation Hearing Summary.  **(*See* Doc. 10-14).**

Consistent with *Morrisey v. Brewer*, and pursuant to 18 U.S.C. § 4214(a)(2), the Parole Commission has the power to subpoena witnesses and evidence.  The Regional Commissioner has discretion to subpoena witnesses, upon his own motion or upon a showing by the parolee that a witness *whose testimony is necessary to the proper disposition of his case* will not appear voluntarily at a local revocation hearing or provide an adequate written statement of his testimony.  **28 C.F.R. § 2.51(a) (1981);** *see also Hanahan v. Luther*, **693 F.2d 629, 636 (7th Cir. 1982).**  Petitioner appears to confuse the proviso in *Morrisey* regarding the right to confront

and cross-examine *adverse* witnesses, *unless the hearing officer finds good cause for not allowing confrontation*, with the right to the opportunity to present witnesses.  Nevertheless, 28 C.F.R. § 2.103 provides that, at the local revocation hearing, a parolee may seek to compel any adverse witnesses, and any relevant favorable witnesses who have not volunteered to attend.  However, neither *Morrisey*, nor Section 2.103 require the hearing examiner to set forth the rationale for not compelling the testimony of a favorable witness; the hearing summary need only include a description of the evidence presented *against* the parolee, and that which was presented *by* the parolee– which it does.  (***See*** **28 C.F.R. § 2.103(g) and Doc. 10-14).**  The Parole Commission's summary notes that the Commission denied petitioner's request for subpoenas, and the Commission analyzed each requested witness in a memorandum sent to petitioner August 6, 2001, in advance of the hearing.  **(Doc. 10-13).**  There is simply no constitutional violation.

By petitioner's own account, the requested witnesses, Parole Officer Susan Richard; Police Officer Braden; petitioner's employer, Robert Newsome; and Ken McGill, the director of Dismas House, were favorable witnesses, who declined to appear voluntarily.  This Court agrees with the Commission's assessment.  Parole Officer Richard did not supervise petitioner during the term at issue; she supervised him the previous time he was on parole.  Police Officer Braden was involved in the relevant incidents, but his testimony was deemed duplicative of that offered by Officer Zimm, the officer who was the target of the assault, and Detective Dumit, who found the shotgun.  The thrust of petitioner's argument about the assault is that Officer Zimm did not testify that petitioner actually hit him or his vehicle; petitioner apparently does not appreciate

that assault does not require contact.[1]  Therefore, even if Officer Braden confirmed there was no contact, his testimony would add nothing new or exculpatory.  Robert Newsome is allegedly petitioner's employer, but petitioner does not assert that Newsome would provide an alibi, so the relevance of his testimony is not at all apparent.  Similarly, there is no indication that Ken McGill, the director of Dismas House, can offer first hand evidence regarding an alibi, so the relevance of his testimony is not apparent.  Therefore, this Court concludes that the Commission did not abuse its discretion in declining to subpoena the aforementioned witnesses.

### Delay

Petitioner complains that there was an eight month delay between issuance of the revocation warrant and the revocation hearing.  This argument is a non-starter.  In *Morrissey v. Brewer*, the Supreme Court recognized "[t]here is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked.  **408 U.S. at 485.**  Prehearing delay does not invalidate the proceeding unless petitioner can show *both* that the delay is unreasonable and that he has been prejudiced by the delay. ***See Villareal v. United States Parole Commission*, 985 F.2d 835, 837 (5th Cir.1993); *Donn v. Baer,* 828 F.2d 487, 490 (8th Cir.1987); *Heath v. United States Parole Comm'n,* 788 F.2d 85, 89-90 (2d Cir.1986).**

Although petitioner asserts that delay can adversely affect witnesses memories, he

---

[1] "Assault is defined as 'any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril.' *Geiger v. Bowersox,* 974 S.W.2d 513, 516 (Mo.App. E.D.1998)." **Phelps v. Bross, 73 S.W.3d 651, 655 (Mo.App. E.D. 2002).**

ignores the fact that he has consistently asserted that he was simply not at the location of the assault, and that the location where the shotgun was found was not his residence, and the gun was not his. In contrast, the police have consistently argued otherwise, so there is no apparent memory loss on either side of the dispute; therefore, petitioner has failed to show actual prejudice. Petitioner also had a meaningful opportunity to cross-examine the witnesses at the revocation hearing, so he was afforded due process. In *Hanahan v. Luther*, 693 F.2d 629, 634-636 (7th Cir. 1982), the Court of Appeals for the Seventh Circuit did not find that an eight month delay violated due process, particularly since there was no evidence that the petitioner asserted his right to a prompt hearing. There is no evidence that petitioner Love asserted his right to a prompt hearing.

### Denial of a Second Preliminary Hearing

The original revocation warrant was issued March 15, 2001. Petitioner does not dispute that he was given the required preliminary hearing relative to that warrant. A supplemental warrant, adding the assault and gun violations, was issued May 18, 2001. There is no dispute that there was no second preliminary hearing, which petitioner views as a violation of due process, in that he was not told a second time that he had the right to call witnesses, request the appointment of counsel, or informed of the seriousness of the charges against him, as is required pursuant to 28 C.F.R. § 2.48.

As previously noted, the violation of an administrative rule and/or procedure does not entitle one to habeas corpus relief, unless there is also a constitutional violation. **Bush, 133 F.3d at 456-57.** *Morrissey v. Brewer* does not include a preliminary hearing as one of the elements of due process that a parolee is entitled to. **408 U.S. at 489.** The closest thing to a constitutional

violation mentioned by petitioner is his right to counsel; however, the right to counsel in parole revocation proceedings is statutory (18 U.S.C. § 4214(a)(2)(B)), not constitutional.  ***See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).**  He does not deny receiving written notice of the additional charges, and he fails to assert any actual prejudice.  Therefore, this argument fails in its entirety.

### Enhancement of the Sentence Based on Assault and Shotgun

As previously observed, petitioner fails to appreciate that assault does not require physical contact. **(*See* footnote 1).**  The hearing tapes confirm that neither Officer Zimm nor his vehicle were struck by petitioner, as petitioner tried to back his car in the direction of Zimm to escape arrest just as Zimm was exiting the vehicle.  **(Doc. 17, Exhibit 1).**  However, Zimm testified that as petitioner was looking right at him and backing up, Zimm had to jump back into the vehicle for safety.  Therefore, there is evidence to substantiate the Commission's conclusion that petitioner attempt to injure Officer Zimm with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril– the definition of assault.

Similarly, there is sufficient evidence in the record to support the conclusion that the residence raided by the police after months of surveillance was where petitioner had been residing, and the shotgun found there was petitioner's.  Petitioner's contention that the witnesses that were not subpoenaed to testify would have exonerated him has already been addressed, and the witnesses testimony found dispensable.  Nevertheless, there was other evidence in the record to support those conclusions.  The hearing tapes make clear that the vice squad had been surveilling the apartment/townhouse where the raid occurred, and petitioner's comings and goings for months (even when petitioner was supposed to be at Dismas House); Officer Zimm

arrived at petitioner's mother's home just as petitioner was pulling up, thereby negating his alibi that he had been at his mother's the whole time, or that it was not he who had tried to run down Zimm; and mail to and from petitioner, including utility bills, and documents with petitioner's signature were in the room where the shotgun was found.  **(*See* Doc. 10-14 and Doc. 17, Exhibits 1-3).**  Therefore, there was ample, overwhelming evidence in the record to support the Commissions conclusion that petitioner had possessed a shotgun in violation of the terms of his parole.

Having taken those two violations into account, the guideline sentencing range was 78-100 months, which petitioner does not argue is an incorrect calculation.  The time ranges are merely guidelines, and "especially mitigating or aggravating circumstances in a particular case may justify a decision or a severity rating different from that listed."  **28 C.F.R. §§ 2.20(c) and (d); see also 28 C.F.R. § 2.20(d) relative to reparole considerations).**  Although the Category Six severity rating and 98-100 month range were premised upon the assault and possession of a firearm, the Commission found petitioner to be a more serious risk due to the fact it appeared petitioner was attempting to evade arrest for running a prostitution ring, it was his *fourth* revocation, and he had not even transitioned out of the half-way house when all of this occurred.  **(Doc. 10, pp. 10-11).**  The factors used to justify the upward departure to 120 months were not the same factors used to calculate the severity rating and 98-100 month sentencing range; therefore there was no "double counting," and there is a rational basis, based on the evidence in the record, for the Commission's upward departure to 120 months. ***See Augustine v. Brewer*, 821 F.2d 365, 371 (7th Cir. 1987).**

## RECOMMENDATION

For the aforementioned reasons, it is the recommendation of this Court that petitioner Leslie Love's petition for writ of habeas corpus **(Docs. 4 and 6)** be denied in all respects, and that final judgment enter accordingly.

**DATED: August 7, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 24, 2006**.